

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

00 DEC 21 PM 4:33

**HENRY STACHURA, M.D.**

**Plaintiff,**

**vs.**

No. CIV 00-1798

**MEMORIAL MEDICAL CENTER, A Private Non-Profit Corporation, Its Board of Directors, JOHN DOES 1 Through 10, (And in its potential Capacity as a County Supported Public Hospital),**

Joe H. Galvan

**Defendants.**

**NOTICE OF REMOVAL**

Defendants Memorial Medical Center ("MMC") and its Board of Directors, by and through their counsel of record, and hereby give notice of removal to this Court, pursuant to 28 U.S.C. § 1441(b), of the above-captioned action pending in the Third Judicial District for the State of New Mexico, Doña Ana County, New Mexico, as Cause No. CV-2000-1392. In support thereof, Defendants state as follows:

1. This action was commenced by the filing of Henry Stachura's Complaint for Declaratory Judgment on December 11, 2000. See Exhibit A.

2. Defendants were served with the Complaint on December 11, 2000.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days after receipt by the Defendants of Dr. Stachura's Complaint.

4. This Court has original jurisdiction over Dr. Stachura's due process claims and claims

under the Health Care Quality Improvement Act of 1986, 42 U.S.C. § 11101, *et seq.* See 28 U.S.C. § 1331 (covering federal question jurisdiction).

5. This Court has supplemental jurisdiction over Dr. Stachura's state law claims pursuant to 28 U.S.C. § 1367(a).

6. In addition to Exhibit A, the Defendants hereby attach a copy of all other process, pleading and orders served upon them as Exhibit "B" pursuant to 28 U.S.C. § 1446(a).

7. All Defendants agree to the removal of this action.

8. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving this Notice of Removal on Counsel for Dr. Stachura and are filing it with the Clerk of the Dona Ana County, New Mexico Court with a Notice of Filing.

Respectfully Submitted,

SANDENAW, CARRILLO & PIAZZA, P.C.

Leonard J. Piazza

Leonard J. Piazza
2951 Roadrunner Parkway
Las Cruces, New Mexico 88011
(505) 522-7500
Attorneys for Defendant

**CERTIFICATE OF MAILING**

I, Leonard J. Piazza, hereby certify that on the 20th day of December, 2000, a true and correct copy of the foregoing was provided to counsel of record by U.S. mail, postage prepaid, and properly addressed as follows:

Manual I. Arrieta
P. O. Box 1209
Las Cruces, NM 88004-1209
505-523-2481

Leonard J. Piazza

ENDORSED COPY

FILED

00 DEC 11 PM 3:04

DISTRICT COURT
DONA ANA COUNTY, NM
NADINE SANCHEZ

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

HENRY STACHURA, M.D.,

Plaintiff,

vs.

No. CV- 2000-1392
Judge

THIS CASE HAS BEEN ASSIGNED TO JUDGE JERALD A. VALENTINE

MEMORIAL MEDICAL CENTER, A Private Non-Profit Corporation, Its Board of Directors, JOHN DOES 1 Through 10, (And in its potential Capacity as a county supported Public hospital),

Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT, NOTICE FOR, AND AN APPEAL FROM AN ADMINISTRATIVE REVIEW AND FOR CLAIM FOR DAMAGES**

**COMES NOW** the Plaintiff HENRY STACHURA, M.D. by and through his attorneys MILLER, STRATVERT & TORGERSON, P.A. (Manuel I. Arrieta) and in support of his Complaint for Declaratory Judgment, for an Appeal from an Administrative Review and for Claim of Damages hereby states as follows:

1. Plaintiff HENRY STACHURA, M.D., was at all times material a resident of the state of New Mexico at the time of filing this action and further was at all times material engaged in the profession of general surgery in the southern New Mexico area.

2. Upon information and belief, Defendant MEMORIAL MEDICAL CENTER was or is a non-profit private hospital or/is/was a county-supported public hospital under the statutes of the state of New Mexico.

3. At all times material, Plaintiff was a member of the medical staff of MEMORIAL MEDICAL CENTER engaged in the profession of general surgery and




1-10-01

subject to the hospital Medical Staff By-laws and the Rules and Regulations for the Department of Surgery. The Medical Staff By-laws are attached as Exhibit A.

4. On or about March 20-21, 2000, Plaintiff consulted with another member of the Defendant's medical staff concerning a surgical procedure and during the course of surgery, an adverse or sentinel event was alleged to have occurred through the practice of the Plaintiff.

5. As a result of the surgical procedure undertaken at Defendant's medical facility on or about March 20-21, 2000, the Defendant in alleged compliance with the medical staff By-laws invoked a summary suspension proceeding against the Plaintiff.

6. In addition to the summary suspension of the Plaintiff's privileges, Defendant continued with further proceedings under its By-laws to determine whether Plaintiff's privileges at the hospital should be permanently terminated.

7. Contrary to the By-laws, the Defendant failed to follow its own rules and further denied Plaintiff due process in the following forms:

a. Defendant failed to provide sufficient factual details or documentation to notify Plaintiff of the proposed action;

b. Defendant refused and failed to disclose the names and addresses of potential witnesses necessary for the defense of the Plaintiff in the administrative proceeding;

c. Defendant allowed the main witness and complainant of Plaintiff's actions to be involved and participate as a member of the Special Executive Committee which investigated the incident under the By-laws (and which reported back to the

Medical Executive Committee, from which report, the Medical Executive Committee issued a recommendation to suspend and terminate Plaintiff's privileges);

d. Defendant allowed the main witness and complainant to testify as the Defendant's expert on the standards of practice even though he was a complainant and major competitor of Plaintiff, all contrary to the By-laws and due process requirements;

e. The By-laws and the proceedings lacked appropriate standards consistent with due process requirements and Plaintiff's right to a fair hearing; and

f. The Defendant inappropriately injected evidence relating to a prior unrelated proceeding.

8. Under the By-laws the Plaintiff was afforded an "appeal" with the right to present evidence, confront witnesses and other due process considerations before a Special Judicial Review Panel. This hearing was held on August 17, 2000.

9. Under the Defendant's By-laws, the Special Judicial Review Panel issued an adverse recommendation and submitted the recommendation to the CEO for the Defendant.

10. The CEO for the Defendant then advised the Plaintiff of his right to appeal from the adverse ruling from the Special Judicial Review Panel and pursuant to the By-laws, the appeal at that stage would be limited "to procedural irregularities and a determination of whether the findings and recommendations of the Executive Committee were supported by substantial evidence". The proceedings of the Executive Committee were closed to the Plaintiff and did not allow for Plaintiff's right to confront

witnesses, present evidence, and otherwise benefit from all the due process safeguards as provided in the Special Judicial Review Panel hearing.

11. On or about November 1, 2000, the appeal before the Board of Directors was heard from which the Board determined that there were no substantial procedural irregularities in the process and that "there was substantial evidence in the record to support the medical staff Executive Committee's conclusion . . .". On behalf of Defendant, the Board accepted the recommendations of the Executive Committee without modification.

12. Defendant not only failed to conform to its own procedural requirements as set forth in its By-laws, Rules and Regulations, but further the inherent process of the By-laws themselves denied the Plaintiff procedural due process.

13. The evidence before the Defendant was insubstantial and as a result, the action of the hospital board resulted in the arbitrary, capricious and unreasonable revocation of the Plaintiff's privileges.

14. To the extent that the hospital can be categorized as a county-managed or otherwise public hospital, sufficiently funded with public monies or managed by public agencies, the Defendant had significant state involvement warranting the application of constitutional due process under the Fourteenth Amendment of the United States Constitution, the Constitution of the State of New Mexico and the denial of process was done under color of state law.

15. Plaintiff has petitioned this Court for declaratory relief in that this proceeding involves the character and nature of a quasi-public entity whose By-laws are alleged to be unconstitutional and Plaintiff further requests that the Court enter

appropriate relief determining the rights, status and legal relations of the parties consistent with the laws of the state of New Mexico.

16. Plaintiff requests that this Court hold the Defendant's By-laws and proceedings are inherently flawed and therefore unconstitutional.

17. Plaintiff further petitions this Court for relief to determine whether there has been a breach in the relations or contracts between the existing parties.

18. Plaintiff further petitions this Court for relief in the form of monetary damages for the loss in income, reputation and opportunity suffered as a result of the actions of the Defendant which if found to be tortious, immunity for said Defendant has been waived under the New Mexico Tort Claims Act, with Defendant having actual notice of the actions complained of.

19. Plaintiff further petitions this Court for relief in the form of vacating the actions of the Defendant in terminating Plaintiff's privileges, and further ordering the Defendant to notify all appropriate medical agencies and entities which Defendant has heretofore contacted regarding the allegations made against the Plaintiff, and require Defendant to either withdraw the allegations or advise the said agencies and entities in writing that the suspension and/or termination proceedings have been vacated by order of the Court.

20. Plaintiff further petitions this Court to order that Defendant seal the records of the administrative proceedings against Plaintiff and that any related information not be disclosed to any entity or third party by Defendant or any of its agents.

21. Any immunity which Defendant might claim, has been waived or lost due to Defendant's failure to provide adequate notice and hearing procedures pursuant to the Health Care Quality Improvement Act, 42 USC 11101 et. seq.

WHEREFORE, HAVING SHOWN GOOD CAUSE, Defendant hereby requests that this Court vacate the decision of the Board of Directors for Defendant, that Defendant be required to withdraw any previous reports to third-party agencies, for monetary damages, attorney' s fees and costs, and for such other and further relief requested and as deemed appropriate by this Court.

Respectfully submitted,

MILLER, STRATVERT & TORGERSON, P.A.

Manuel I. Arrieta
Attorneys for Plaintiff Henry Stachura, M.D.
P.O. Box 1209
Las Cruces, New Mexico 88004-1209
(505) 523-2481

CERTIFICATE OF PERSONAL SERVICE

I hereby certify that on the 11th day of December, 2000, I had a true and correct copy of a Summons and Complaint for Declaratory Judgment, Notice for, and an Appeal from an Administrative Review and for Claim for Damages personally served upon Leonard Piazza, Attorney at Law, Sandenaw, Carrillo & Piazza, P.C., 2951-A Roadrunner Parkway, Las Cruces, New Mexico 88011.

Manuel I. Arrieta

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

HENRY STACHURA, M.D.,

Plaintiff,

vs.

No. CV- 2000-1392
Judge

THIS CASE HAS BEEN ASSIGNED TO JUDGE JERALD A. VALENTINE

MEMORIAL MEDICAL CENTER, A Private Non-Profit Corporation, Its Board of Directors, JOHN DOES 1 Through 10, (And in its potential Capacity as a county supported Public hospital),

Defendant.

## SUMMONS

**TO: MEMORIAL MEDICAL CENTER**
**c/o Leonard Piazza, Attorney at Law**
**Sandenaw, Carrillo & Piazza, P.C.**
**2951-A Roadrunner Parkway**
**Las Cruces, New Mexico 88011**

**GREETINGS:**

You are hereby directed to serve a pleading or motion in response to the complaint within thirty (30) days after service of this summons, and file the same, all as provided by law.

You are notified that, unless you serve and file a responsive pleading or motion, the plaintiff will apply to the court for the relief demanded in the complaint.

Attorney or attorneys for Plaintiff: Manuel I. Arrieta, Attorney at Law
Miller, Stratvert & Torgerson, P.A.
Address of attorneys for Plaintiff: P. O. Box 1209
Las Cruces, New Mexico 88004-1209
(505) 523-2481

**WITNESS** the Honorable **Jerald A. Valentine**, District Judge of the Third Judicial District Court of the State of New Mexico, and the seal of the District Court of said County, this 11th day of December, 2000.

NADINE SANCHEZ
Clerk

By Elizabeth Vasquez
Deputy



**RETURN**

**STATE OF** ______________ )
) **ss.**
**COUNTY OF** ______________ )

I, being duly sworn, on oath, say that I am over the age of eighteen (18) years and not a party to this lawsuit, and that I served the within Summons in ____________ County on the ______ day of __________________, 2000, by delivering a copy thereof, with copy of Complaint attached, in the following manner:

(check one box and fill in appropriate blanks)

[ ] to Defendant __________________. (used when Defendant receives copy of Summons or refuses to receive Summons)

[ ] to ____________________, a person over fifteen (15) years of age and residing at the usual place of abode of Defendant ______________________, who at the time of such service was absent therefrom.

[ ] by posting a copy of the Summons and Complaint in the most public part of the premises of Defendant ____________________. (used if no person found at dwelling house or usual place of abode)

[ ] to ____________________, an agent authorized to receive service of process for Defendant ________________________.

[ ] to ______________________, (parent) (guardian) of Defendant ______________________. (used when Defendant is a minor or an incompetent person)

[ ] to ____________________ (name of person), ________________________ (title of person authorized to receive service). (used when Defendant is corporation or association subject to a suit under a common name, a land grant board of trustees, the State of New Mexico or any political subdivision)

Fees:

____________________________
Signature of Person Making Service

Title: Process Server

**SUBSCRIBED AND SWORN** to before me this _____ day of _______________, 2000.

____________________________
Judge, Notary or Other Officer
Authorized to Administer Oaths

Official Title: Notary Public

My Commission Expires:__________________

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

HENRY STACHURA, M.D.,

Plaintiff,

vs.

No. CV- 2000-1392
Judge Valentine

MEMORIAL MEDICAL CENTER, A Private Non-Profit Corporation, Its Board of Directors, JOHN DOES 1 Through 10, (And in its potential Capacity as a county supported Public hospital),

Defendant.

**PLAINTIFF'S EXERCISE OF PEREMPTORY CHALLENGE**

**COMES NOW** the Plaintiff HENRY STACHURA, M.D. and pursuant to NMSA 1978, §38-3-9, hereby exercises his right of peremptory challenge to excuse the Honorable Jerald E. Valentine.

Henry Stachura, M.D.
6428 Yarmouth Drive
Las Vegas, New Mexico 89108
(702) 395-5354

CERTIFICATE OF MAILING

I hereby certify that on the 19th day of December, 2000, I mailed a true and correct copy of the foregoing pleading to opposing counsel of record Leonard Piazza, Attorney at Law, Sandenaw, Carrillo & Piazza, P.C., 2951-A Roadrunner Parkway, Las Cruces, New Mexico 88011.

Henry Stachura, M.D.

RECEIVED DEC 20 2000

Sent to Court 12-19-00