# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO



HENRY STACHURA, M.D.

    Plaintiff,

vs.

CIV NO. 00-1798

MEMORIAL MEDICAL CENTER, A
Private Non-Profit Corporation, Its
Board of Directors, JOHN DOES 1
Through 10, (And in its potential
Capacity as a County Supported
Public Hospital),

Joe H. Galvan

    Defendants.

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT, NOTICE FOR, AND AN APPEAL FROM AN ADMINISTRATIVE REVIEW AND FOR CLAIM FOR DAMAGES

COMES NOW Defendants Memorial Medical Center ("MMC") and its Board of Directors and answer the Complaint as follows:

1. Defendants admit that Henry Stachura, M.D. was, at all times material, a resident of the State of New Mexico. Defendants do not possess information sufficient to answer whether Dr. Stachura, at all times material, engaged in the profession of general surgery in southern New Mexico. Defendants specifically aver that on March 23, 2000, MMC summarily suspended the surgical privileges of Dr. Stachura and proposed the permanent termination of surgical privileges. From this time, to the present, Dr. Stachura has not engaged in the profession of general surgery at MMC.

2. In responding to ¶ 2 of the Complaint, MMC affirmatively states that it is a private corporation, it is not a state actor or political subdivision.

3. Defendants deny the allegations contained in ¶ 3 of the Complaint. Dr. Stachura



ceased being a member of MMC's medical staff effective March 23, 2000. Defendants admit that Dr. Stachura, at all time relevant, is subject to MMC's medical staff bylaws and rules and regulations for the Department of Surgery.

4. Defendants admit the allegations contained in ¶ 4 of the Complaint, but by way of clarification, state that on March 20, 2000, Dr. Stachura and a OB/GYN physician jointly performed exploratory laparoscopic surgery on the subject patient. Dr. Stachura dissected the small bowel off the abdominal wall of the patient. Once the bowel was freed up, a retractor was placed in that area and the abdominal contents were packed off the operative field. More adhesions were taken down from the small bowel and pelvic area and Dr. Stachura freed up the sigmoid colon. During the course of the procedure, Dr. Stachura nicked the sigmoid colon which ultimately led to the patient's septic shock and death on March 23, 2000.

5. Defendants admit the allegations contained in ¶5 of the Complaint, with the exception of the word "alleged." On March 23, 2000, MMC's Chief of the Department of Surgery, pursuant to MMC's Medical Staff Bylaws, summarily suspended the privileges of Dr. Stachura.

6. Defendants admit the allegations contained in ¶6 of the Complaint.

7. Defendants deny the allegations contained in ¶7 of the Complaint.

8. Defendants admit the allegations contained in ¶8 of the Complaint, with the exception of the word choice "appeal." The Medical Staff Bylaws, Article 3(F) provided Dr. Stachura with the right to a full evidentiary hearing following proposed action from the Executive Committee. Defendants also take issue with the word choice "other due process considerations." MMC is not a governmental entity, and therefore its conduct is not subject to due process analysis. Defendants affirmatively state, however, that the process afforded to Dr. Stachura complied with all state and

federal requirements.

9. In responding to ¶9 of the Complaint, Defendants admit that the Special Judicial Review Panel issued an adverse recommendation, and specifically recommended no modification of the recommendation initially rendered by the Executive Committee to permanently suspend the privileges of Dr. Stachura to practice at MMC. Next, the Executive Committee voted to accept the recommendation of the Special Judicial Review Panel. The Executive Committee then recommended that the Board continue suspension. The MMC's CEO then wrote to counsel for Dr. Stachura, pursuant to the Medical Staff Bylaws, to advise him of his right to appeal the matter to the MMC Board of Director within seven (7) calendar days of his receipt of the subject letter.

10. Defendants admit the first sentence of ¶10 of the Complaint. Defendants are unable to form a response to the second sentence of ¶10 because the allegations contained therein are unclear and vague. In addition to the foregoing response, Defendants affirmatively state that Dr. Stachura received a full evidentiary hearing before the Special Judicial Review Panel as required under the Medical Staff Bylaws. The Executive Committee's final recommendation to the Board of Directors was to adhere to the decision of the Special Judicial Review Panel. The Executive Committee's administerial action of agreeing with the Special Judicial Review Panel's recommendation did not require any separate hearing. Moreover, with respect to due process allegations contained in ¶10, Defendants affirmatively state that MMC is not a governmental entity subject to due process analysis.

11. Defendants admit the allegations contained in ¶11 of the Complaint.

12. Defendants deny the allegations contained in ¶12 of the Complaint.

13. Defendants deny the allegations contained in ¶13 of the Complaint.

14. In responding to ¶14 of the Complaint, Defendants affirmatively state that MMC is

not a governmental entity subject to due process analysis, rather it is a private entity and not a state actor under 42 U.S.C. § 1983. To the extent that the Court makes a contrary determination that MMC is a state actor, MMC provided Dr. Stachura with due process with respect to all phases of the subject peer review matter.

15. In responding to ¶15 of the Complaint, Defendants aver that this contention warrants no response. Defendants acknowledge that Dr. Stachura is petitioning the Court for declaratory relief and that Dr. Stachura alleges that MMC is a state actor subject to due process analysis. Defendants deny that Dr. Stachura is entitled to the requested relief.

16. In responding to ¶16 of the Complaint, Defendants acknowledge that Dr. Stachura is requesting the determination that MMC's bylaws and proceedings are unconstitutional. The Defendants deny Dr. Stachura's entitlement to such a ruling.

17. In responding to ¶17 of the Complaint, Defendants acknowledge that Dr. Stachura seeks a court determination of whether there has been a breach in the relations or contracts between the existing parties. Defendants, however, affirmatively state that Dr. Stachura has failed to state a claim for any breach of contract, and to the extent present, Defendants have not in any manner breached said contract.

18. In responding to ¶18 of the Complaint, Defendants admit that Dr. Stachura appears to seek money damages for lost income and damage to his reputation. Defendants, however, affirmatively state that Dr. Stachura fails to state a claim for money damages and, to the extent that MMC is considered a state actor or political subdivision and subject to the New Mexico Tort Claims Act, NMSA 1978 §§ 41-4-1 *et seq*, Dr. Stachura has not asserted any claim fitting within the limited waivers of sovereign immunity.

19. In responding to ¶19 of the Complaint, Defendants acknowledge that Dr. Stachura is requesting the stated relief, but deny his entitlement to same. MMC, based upon substantial evidence and in compliance with its Medical Staff Bylaws, acted to terminate the privileges of Dr. Stachura to practice at MMC in order to protect the safety of its patients.

20. In responding to ¶20 of the Complaint, Defendants are still in the process of determining what, if any, safeguards are warranted to keep part, or all, of this proceeding confidential.

21. Defendants deny the allegations contained in ¶21 of the Complaint and further deny any contention not specifically addressed above.

## DEFENSES

1. MMC is a private entity and not a state actor. It is not subject to due process analysis or any related type of 42 U.S.C. § 1983 claim. Therefore, Dr. Stachura's due process-based claims fail to state a claim.

2. To the extent the Court determines that MMC is a state actor, MMC provided Dr. Stachura with due process during all phases of the subject peer review matter.

3. MMC's conduct during all phases of the subject peer review matter comports with the federal Healthcare Quality Improvement Act in that the process was carried out (a) in the reasonable belief that the action was in furtherance of quality health care; (b) after a reasonable effort to obtain the facts of the matter, (c) after adequate notice and hearing procedures were afforded to Dr. Stachura, and (d) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain facts and after a full hearing. See 42 U. S.C. §11112(a)(1)-(4).

4. Defendants are immune from any claims for money damages, or otherwise, under the New Mexico Review Organization Immunity Act, NMSA 1978 § 41-9-4.

5. Defendants are immune from liability for money damages, or otherwise, under the HCQIA See 42 U.S.C. §11111.

6. To the extent the Court deems MMC a state actor or political subdivision, the individually named Defendants are entitled to qualified immunity.

7. To the extent the Court deems MMC a state actor, or political subdivision, MMC is entitled to *Monell* immunity.

8. To the extent the Court finds MMC a state actor, MMC is entitled to all defenses under the NMTCA, including, but not limited to: (a) Dr. Stachura's claim for damages fails to state any tort that fits within the limited waivers of sovereign immunity under the NMTCA; (b) Dr. Stachura's claim for money damages fails because he did not provide legally sufficient notice under the NMTCA; (c) Dr. Stachura's claim for damages is limited to the cap set forth in the NMTCA; and (d) to the extent Dr. Stachura seeks punitive damages, said claim is barred under the NMTCA.

9. To the extent established through discovery, the doctrine of laches bars Dr. Stachura's claim for equitable relief.

10. To the extent established through discovery, the doctrine of unclean hands bars Dr. Stachura's claim for equitable relief.

11. To the extent established through discovery, the doctrine of estoppel bars Dr. Stachura's claim for equitable relief.

12. Dr. Stachura's Complaint fails to state a claim for recovery of damages under any tort or contract-based theory.

13. To the extent established through discovery, Dr. Stachura has failed to mitigate damages.

WHEREFORE, having fully answered Dr. Stachura's Complaint, the Defendants respectfully request judgment in its favor as follows:

1. That Dr. Stachura's Complaint against Defendants be dismissed with prejudice.

2. That the Defendants be awarded its costs, disbursements, and attorneys' fees and expenses incurred herein.

3. That the Defendants be awarded pre-judgment and post-judgment interest on its costs and attorneys' fees at the maximum rate allowable by law; and

4. That the Defendants be awarded such other and further relief as the Court may deem appropriate.

Respectfully Submitted,

SANDENAW, CARRILLO & PIAZZA, P.C.

*[signature]*
Leonard J. Piazza
2951 Roadrunner Parkway
Las Cruces, New Mexico 88011
(505) 522-7500
Attorneys for Defendant

### CERTIFICATE OF MAILING

I, Leonard J. Piazza, hereby certify that on the 20th day of December, 2000, a true and correct copy of the foregoing was provided to counsel of record by U.S. mail, postage prepaid, and properly addressed as follows:

Manual I. Arrieta
P. O. Box 1209
Las Cruces, NM 88004-1209
505-523-2481

*[signature]*
Leonard J. Piazza

7